```
___ FILED       ___ LODGED
___ RECEIVED    ___ COPY

    SEP 2 2 2011

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

CR '11 1876 PHX JAT DKD

REDACTED FOR PUBLIC DISCLOSURE

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br>　　v.<br><br>Jere Loy Parkhurst,<br>a.k.a. Jere Session,<br>a.k.a. Jere Session Parkhurst,<br>(Counts 1-27)<br><br>　　　　Defendant. | **I N D I C T M E N T**<br><br>VIO:　18 U.S.C. §1343<br>　　　(Wire Fraud)<br>　　　Counts 1-17<br><br>　　　18 U.S.C. §1957(a)<br>　　　(Transactional Money Laundering)<br>　　　Counts 18-27<br><br>　　　18 U.S.C. § 981(a)(1)(A)<br>　　　18 U.S.C. § 982(a)(1) & (2)<br>　　　28 U.S.C. § 2461(c)<br>　　　(Forfeiture Allegations) |

THE GRAND JURY CHARGES:

At various times relevant herein:

### DEFENDANT

　　1.　　Defendant JERE LOY PARKHURST ("PARKHURST") was founder and owner of C Street Holdings, L.L.C., Capital Real Estate Company, L.L.C., and Phoenix Financial Holdings, L.L.C..

### RELEVANT ENTITIES

　　2.　　C Street Holdings., L.L.C. ("C Street") was an Arizona corporation that was registered with the Arizona Corporation Commission on November 19, 2004. C Street Holdings was in the business of remodeling and reselling historic homes in the downtown Phoenix area.

3. Capital Real Estate Company, L.L.C., was an Arizona corporation that was registered with the Arizona Corporation Commission on September 13, 2004. Capital Real Estate Company was in the business of selling residential homes in the Phoenix area.

4. Phoenix Financial Holdings, L.L.C., was an Arizona corporation that was registered with the Arizona Corporation Commission on September 12, 2002.

## COUNTS ONE THROUGH SEVENTEEN
## WIRE FRAUD
## (18 U.S.C. § 1343)

### SCHEME TO DEFRAUD

5. That beginning no later than November, 2006 and continuing until at least June 2007, within the District of Arizona and elsewhere, defendant PARKHURST, acting individually and as the owner of C Street and other companies, knowingly devised and intended to devise a scheme and artifice to defraud victim investors, and to obtain money from them by means of materially false and fraudulent pretenses, promises and the concealment of material facts.

### OBJECT OF THE SCHEME TO DEFRAUD

6. Defendant knowingly and intentionally misrepresented the success, profitability, investment returns, and purpose of C Street's real estate business plan to induce victim investors to pay or obtain monies for PARKHURST.

### MEANS AND METHODS

7. In carrying out the scheme to defraud, PARKHURST knowingly made the following false misrepresentations, concealed material facts and knowingly engaged in the following deceptive acts, practices and devices, among others:

8. Starting as early as 2006, PARKHURST was in the business of remodeling and reselling Phoenix homes. In order to raise capital for his home remodels, PARKHURST solicited victim investors to acquire homes for PARKHURST to renovate, and/or to provide him with money to renovate a specific home.

9. The following representations were made to victim investors to entice them to purchase a residential home, through a mortgage loan or by other means, so that PARKHURST

could renovate and sell the property:

    A)    that PARKHURST, through C Street or some other business entity, would renovate and sell a specific home;

    B)    that the victim-investor would earn a substantial return after PARKHURST, through C Street or some other business entity, renovated and sold the specific home;

    C)    that PARKHURST, through C Street or some other business entity, would pay for all, or half, of the mortgage payments for the specific home;

    D)    that PARKHURST, through C Street or some other business entity, would pay for some, or all, of the property insurance, electricity, water and property upkeep for the specific home; and

    E)    that C Street would serve as the listing agent for the sale of the home and charge only 1.5% in commission;

10. The following representations were made to victim investors to entice them to provide money to PARKHURST, or to one of his business entities, for the renovation of a specific home:

    A)    that PARKHURST, or some other PARKHURST business entity, would use the victim investors' money to renovate a specific home; and/or

    B)    that PARKHURST, or a PARKHURST business entity, would pay substantial interest payments, as high as 25% annually to the victim investors.

11. In many, if not all cases, PARKHURST executed lender agreements with the victim investors which expressly stated that PARKHURST, or one of his business entities, would renovate a specific home. In particular, some of these lender agreements expressly stated that PARKHURST would use the victim investor money "to finance the construction and/or rehabilitation of improvements."

12. In many, if not every instance alleged in this Indictment, PARKHURST:

3

A) failed to use the victim-investor funds to renovate the specific home;

B) failed to obtain building permits from the City of Phoenix;

C) failed to make the promised interest payments to the victim investor; and

D) failed to make all of the promised mortgage, insurance, and utilities payments.

13. In furtherance of the scheme, PARKHURST issued, or caused to be issued, electronic mail communications to victim investors which identified the specific home that PARKHURST intended to renovate with their money. Some of these communication stated that the victim investor monies would be used to purchase, remodel, and resell the homes. In addition, and in furtherance of the scheme, the transfer of monetary funds were made, through an interstate wire, to an escrow company or to a C Street bank account, at or near the time of closing.

14. PARKHURST was aware that his representations were false or misleading because

A) he was not using the victim investors' monies to renovate homes that he had specifically agreed to renovate with the money;

B) he was not selling homes for a substantial profit;

C) he was not repaying victim investors their full investment amount if repayment was made;

D) he was not making complete and consistent interest payments to the victim investors; and

E) he was not making complete and consistent mortgage and upkeep payments for the properties purchased by victim investors on behalf of PARKHURST.

The following wire transactions were made in furtherance of PARKHURST's scheme:

4

| Count | (On or About) Wire Date | Sender City/State | Recipient City/State (Receiving Bank if applicable) | Item Sent |
|---|---|---|---|---|
| 1 | 12/15/06 | Wells Fargo Bank/ San Francisco, CA | C Street Holdings, L.L.C. Phoenix, AZ (Compass Bank) | $25,000.00 from D.B. to renovate the home at XX22 N. Dayton, Phoenix, AZ |
| 2 | 12/18/06 | Wells Fargo Bank/ San Francisco, CA | C Street Holdings, L.L.C., Phoenix, AZ (Compass Bank) | $25,000.00 from T.B. to renovate the home at XX22 N. Dayton, Phoenix, AZ |
| 3 | 1/5/07 | E. Ellis (on behalf of PARKHURST) | J.T. | Email communication from Ellis to J.T. representing that J. Thompson would receive 20% interest from C Street by investing in the home at XX2 E. Alvarado, Phoenix, AZ |
| 4 | 2/2/07 | Citibank/ New York, New York | Premier Title Agency Phoenix, AZ (National Bank of Arizona) | Closing funds in the amount of $331,259.50, funded on behalf of T.B., for the purchase of the home at XX0 E. Belmont, Phoenix, AZ |
| 5 | 2/21/07 | USAA Federal Savings Bank/ San Antonio, TX | Premier Title Agency, Phoenix, AZ (National Bank of Arizona) | $87,500.00 from M.L. for the purchase/renovation of the home at XX01 W. Mackenzie, Phoenix, AZ |
| 6 | 2/22/07 | Greater Bay Bank/ Santa Clara, CA | Premier Title Agency Phoenix, AZ (National Bank of Arizona) | $220,000.00 from R.L. for the purchase/renovation of the home at XX01 W. Mackenzie, Phoenix, AZ |

| Count | (On or About) Wire Date | Sender City/State | Recipient City/State (Receiving Bank if applicable) | Item Sent |
|---|---|---|---|---|
| 7 | 2/07 | D.Peters (on behalf of PARKHURST) | R.D. | Email communication from D.Peters to R.D. representing that R.D. would receive 20% interest from C Street by investing money in the home at XX8 E. Alvarado, Phoenix, AZ |
| 8 | 2/28/07 | USAA Federal Savings Bank/ San Antonio, TX | Premier Title Agency Phoenix, AZ (National Bank of Arizona) | $98,300.00 from E.D. for the purchase/renovation of the home at XX4 W. Lewis, Phoenix, AZ |
| 9 | 3/8/07 | Greater Bay Bank/ Santa Clara, CA | Premier Title Agency Phoenix, AZ (National Bank of Arizona) | $100,000.00 from C.R. for the purchase/renovation of the home at XX2 W. Cambridge, Phoenix, AZ |
| 10 | 3/8/07 | Greater Bay Bank/ Santa Clara, CA | Premier Title Agency Phoenix, AZ (National Bank of Arizona) | $100,000 from C.R. for the purchase/renovation of the home at X8 W. Willetta, Phoenix, AZ |
| 11 | 3/29/07 | Etrade Bank/ Arlington, VA | Premier Title Agency, Phoenix, AZ (National Bank of Arizona) | Closing funds in the amount of $308,428.27, funded on behalf of E.D., for the purchase of the home at XX4 E. Medlock, Phoenix, AZ |
| 12 | 3/29/07 | USAA Federal Savings Bank/ San Francisco, CA | Premier Title Agency, Phoenix, AZ (National Bank of Arizona) | $74,435.10 from E.D. for the purchase of the home at XX4 E. Medlock, Phoenix, AZ |

| Count | (On or About) Wire Date | Sender City/State | Recipient City/State (Receiving Bank if applicable) | Item Sent |
|---|---|---|---|---|
| 13 | In or around 4/07 | PARKHURST | N.H. | Email communication from PARKHURST to N.H. representing that an investor could receive 20% interest annually, paid monthly, by investing in the home at XX5 N. 6th Avenue, Phoenix, AZ |
| 14 | 4/4/07 | USAA Federal Savings Bank/ San Francisco, CA | C Street Holdings Phoenix, AZ (Compass Bank) | $75,000.00 from E.D. for the renovation of the home at XX4 E. Medlock, Phoenix, AZ |
| 15 | 4/16/07 | TruWest Credit Union/ Scottsdale, AZ | Premier Title Agency, Phoenix, AZ (National Bank of Arizona) | $96,988.00 from C.R. for the purchase/renovation of the home at XX8 E. Windsor, Phoenix, AZ |
| 16 | 4/24/07 | Countrywide/ Fort Worth, TX | Premier Title Agency, Phoenix, AZ (National Bank of Arizona) | Closing funds in the amount of $318,000.00, obtained by S.L. for C Street, for the purchase of XX30 W. Culver, Phoenix, AZ |
| 17 | 4/24/07 | Wells Fargo Bank/ San Francisco, CA | Premier Title Agency, Phoenix, AZ (National Bank of Arizona) | Closing funds in the amount of $85,000.00, funded on behalf of M.O. for the purchase/renovation of XX30 W. Culver, Phoenix, AZ |

All in violation of Title 18, United States Code, Sections 1343.

### COUNTS EIGHTEEN THROUGH TWENTY-SEVEN
### TRANSACTIONAL MONEY LAUNDERING
### (18 U.S.C. § 1957)

15. The allegations set forth in paragraphs 1-14 of the Indictment are realleged and incorporated herein.

16. On or about the dates set forth below, in the District of Arizona, defendant

7

PARKHURST did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, that is the use of funds contained in the accounts specified below paid to the entities as specified below, which transaction affected interstate commerce and which consisted of criminally derived property of a value greater than $10,000, such property having been derived from an unlawful activity, namely wire fraud in violation of Title 18, United States Code, Section 1343.

| Count | On or About Date | Amount | Type | Transaction |
|---|---|---|---|---|
| 18 | 1/19/07 | $70,367.45 | Check Deposit | Check #044259 issued from Premier Title Agency Account #XXXXXX2502, payable to Phoenix Financial Holdings, L.L.C. |
| 19 | 2/23/07 | $55,846.18 | Wire Transfer | Wire transfer from National Bank of Arizona, Account # XXXXXX2502, to C Street's Compass bank account ending in #6076 |
| 20 | 2/27/07 | $34,103.08 | Wire Transfer | Wire transfer from National Bank of Arizona, Account #XXXXXX2502, to C Street's Compass bank account ending in #6076 |
| 21 | 3/2/07 | $46,323.58 | Wire Transfer | Wire transfer from National Bank of Arizona, Account #XXXXXX2502, to C Street's Compass bank account ending in #6076 |
| 22 | 3/8/07 | $55,821.22 | Wire Transfer | Wire Transfer from National Bank of Arizona, Account #XXXXXX2502, to C Street's Compass bank account ending in #6076 |
| 23 | 3/9/07 | $50,064.57 | Wire Transfer | Wire Transfer from National Bank of Arizona, Account #XXXXXX2502, to C Street's Compass bank account ending in #6076 |
| 24 | 4/4/07 | $20,000.00 | Check Deposit | C Street's Compass bank check #1497, payable to Myers Construction, for the home XX0 N. Cloverfield Circle, Litchfield Park, AZ. This represented funds provided by E.D'Aprile for the home at XX4E. Medlock, Phoenix, Arizona |

| Count | On or About Date | Amount | Type | Transaction |
|---|---|---|---|---|
| 25 | 4/16/07 | $83,293.13 | Wire Transfer | Wire Transfer from National Bank of Arizona, Account #XXXXXX2502, to C Street's Camelback Bank Community bank account ending in #0934 |
| 26 | 4/24/07 | $29,345.68 | Wire Transfer | Wire Transfer from National Bank of Arizona, Account #XXXXXX2502, to C Street's Camelback Bank Community bank account #0934 |
| 27 | 6/8/07 | $55,240.61 | Wire Transfer | Wire Transfer from National Bank of Arizona, Account #XXXXXX2502, to Phoenix Financial Holdings' Alliance Bank of Arizona account ending in #5715 |

All in violation of Title 18, United States Code, Section 1957 and 2.

### FORFEITURE ALLEGATIONS

17. The factual allegations in paragraphs 1 through 14, and 16 of the Indictment are incorporated by reference and re-alleged as though set forth fully herein.

18. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), and Title 28, United States Code, Section 2461, and as a result of committing one or more of the money laundering offenses charged in Counts 18 through 27 of this Indictment, defendant PARKHURST, shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1957, or any property traceable to such property.

19. Pursuant to Title 18 United States Code, Section 982(a)(1), and as a result of committing one or more of the money laundering offenses charged in Counts 18 through 27 of this Indictment, in violation of Title 18, United States Code, Section 1957, defendant PARKHURST shall forfeit to the United States:

    a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1957, for which the defendants are convicted, and all property traceable to such property.

    b. A sum of money equal to the amount of money involved in each offense for which

the defendants are convicted.

20. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461, the defendants shall forfeit substitute property, up to the value of the forfeitable property, or any portion thereof, if by any act or omission of the defendants, the forfeitable property cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Sections 981 and 982; Title 28 United States Code, Section 2461; and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON OF THE GRAND JURY
Date: September 22, 2011

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

/s/

Raymond K. Woo
Assistant U.S. Attorney